
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LENCE FAMILY TRUST,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>ELMER C. CHRISTENSEN;<br>LANDTECH ENTERPRISES LTD, CO;<br>JOANNE CHRISTENSEN; LANDTECH<br>CORPORATION; LANDTECH<br>ENTERPRISES, LLC,<br><br>        Defendants - Appellees. | No. 13-35841<br><br>D.C. No. 9:12-cv-00171-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted October 15, 2015[**]
Seattle, Washington

Before: KOZINSKI, W. FLETCHER and FISHER, Circuit Judges.

The Lence Family Trust (the Trust), through its trustee John Lence, appeals

the district court's entry of summary judgment against it.  We have jurisdiction

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and review a grant of summary judgment de novo while construing the evidence in the light most favorable to the plaintiff, *see Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1051 (9th Cir. 2015). We affirm in part, vacate in part and remand for consideration of whether the 2005 Release of All Claims (2005 Release) was unconscionable.

1. The Trust's actual and constructive fraud claims and its civil conspiracy claim are barred by the applicable statutes of limitations. *See* Mont. Code Ann. § 27-2-203; Mont. Code Ann. § 27-2-204. The causes of action accrued at the latest when John Lence issued the Notice of Rescission on September 9, 2005, and threatened a lawsuit for fraud. No tolling applied.

2. The district court correctly held that defendants Joanne Christensen, Landtech Corporation and Landtech Enterprises, LLC, were entitled to summary judgment on the Trust's breach of contract claim. They were not parties to the Acknowledgment and Assignment that the Trust alleges the defendants breached, and thus had no obligations under the contract. *See Johnston v. Centennial Log Homes & Furnishings, Inc.*, 305 P.3d 781, 791 (Mont. 2013).

3. We vacate the grant of summary judgment, however, with respect to the breach of contract claim against Elmer Christensen and Landtech Enterprises Ltd., Co. Montana law permits a court to raise unconscionability where it "appears" a

2

contract "may be unconscionable." Mont. Code Ann. § 30-2-302. The record before the district court, construed in the light most favorable to the Trust, suggests the totality of the circumstances surrounding the 2005 Release may support a finding of unconscionability. *See Kelly v. Widner*, 771 P.2d 142, 144-46 (Mont. 1989). The Trust's breach of contract claim is timely, *see* Mont. Code Ann. § 27-2-202(1), and because the parties have not addressed unconscionability in their briefing, we remand to afford them the opportunity to present the issue to the district court in the first instance, *see* Mont. Code Ann. § 30-2-302(2). We express no opinion on how the issue should be decided.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART** and **REMANDED.**